LANCASTER COTTON OIL COMPANY v. ERNEST T. WHITE.

Decided June 6, 1903.

**1.—Master and Servant—Defective Appliance—Negligence—Personal Injury.**

In an action by a servant to recover damages for personal injury caused by a defect in a machine furnished for his use, it was error for the court to refuse a charge requested by the defendant to the effect that it was not an insurer of the machine, but that it was defendant's duty to plaintiff to exercise such care as an ordinarily prudent person would have used under the same circumstances to see that the machine was reasonably safe, and if this duty had been discharged, the verdict should be for the defendant.

**2.—Same—Charge—Safe Condition.**

Such requested charge was not incorrect in stating that it was defendant's duty to use ordinary care to have the machine in a reasonably safe condition, instead of "an actually safe condition."

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Etheridge & Baker,* for appellant.

*Turney & Lewis* and *Louis Wood,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—This suit was brought by Ernest T. White against the Lancaster Cotton Oil Company to recover damages on account of the loss of his left hand while engaged in the service of the company. The plaintiff was injured while working at a cake-forming machine. The accident was caused by the block which pressed the meal into cake coming down on his hand while he was in the act of removing a cake from the cake-former. The block was intended to be held suspended above the cake by an automatic catch while the cake was being removed. It was alleged in the petition that the catch was defective, and that the block was thereby caused to fall or come down unexpectedly and without the intervention of the operator. The defenses were, no defect and contributory negligence. A jury awarded the plaintiff damages in the sum of $700.

Complaint is made of the action of the trial court in refusing a special charge, asked by the defendant, which reads thus: "You are instructed that the defendant was not an insurer of the safety of the cake-former, whereupon the plaintiff was hurt, but it was the duty of the defendant to the plaintiff to exercise such care as an ordinarily prudent person would have used under the same circumstances to see that said machine was reasonably safe, and if the defendant discharged its duty to the plaintiff in this·respect, you will return a verdict for the defendant." This charge was a substantially correct statement of the law, and should have been given. Appellee insists that the issue was sufficiently covered by the instructions embraced in the main charge, but we do not think so. The jury was instructed that "It was the duty of the defendant company to exercise such care as a person of ordinary prudence would have

exercised under similar circumstances to see that the machinery with which the plaintiff was working was reasonably safe;" and that "the plaintiff had a right to assume that the machinery was in good order and would properly do the work for which it was intended, and if you find and believe from the evidence that the defendant failed to exercise that degree·of care mentioned in the first paragraph of this charge [referring to·the paragraph just quoted] to see that the machinery was in good condition, and you further find that the machinery was not in good condition, but defective, and that the plaintiff was thereby injured while in the exercise of that care for his own safety which a person of ordinary prudence would have exercised under similar circumstances, you will find for plaintiff." The other instructions given to the jury did not relate to the issue of negligence on the part of the defendant.

The special charge included two propositions which were not embodied in the main charge. They were (1) that the defendant was not an insurer of the safety of the machinery, and (2) that the defendant was entitled to a verdict if it had used ordinary care to have the machine in a reasonably safe condition. It is not usually necessary to give the first proposition in charge, but it was undoubtedly error to refuse to direct the jury to find for defendant if they believed that the defendant had used ordinary care in respect to the machine. No such instruction was contained in the main charge. The jury were instructed to return a verdict for the plaintiff if they found that the defendant had failed to use ordinary care, but was not informed what they should do in case they believed that the defendant had exercised such care. The main charge is so meager and the evidence so inconclusive that the slightest error can not be disregarded. The only evidence tending to show the existence of any defect in the machine was that of the plaintiff himself, who testified that the cake had been pressed and that the block had raised up; that he put in his hand to take out the cake, and that the block came down on it without having been set in motion by the operator. The inference is that the catch was defective, or the block would not have fallen. On the other hand, the defendant proved by a number of witnesses that the machine was new and was of standard make; that the catch was never known to fail to work properly at any other time, and that the machine was carefully inspected both before and after the accident and no defect discovered. We can not say that the refusal of the special charge was harmless error.

But appellee insists that the special charge incorrectly stated the law in declaring that the defendant had discharged its duty if it had used ordinary care to have the machine in a reasonably safe condition, the contention being that the defendant was bound to use ordinary care to have the machine in an actually safe condition. The rule is frequently stated in the language of the special charge, and such statement of the rule is ordinarily sufficient. There is nothing in the facts of this case which required a more exact statement of the rule. The requested

32 Civil—39.

charge was not calculated to cause the jury to excuse the defendant for a failure to furnish suitable machinery or to have the same in proper condition. The special charge followed the rule declared in the main charge, and we think the objection urged by the appellee is without merit.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*